**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  26-21498-CIV-DAMIAN**

**JEAN GUETO DELICE**,

       Petitioner,

v.

**SECRETARY OF HOMELAND**
**SECURITY, *et al.***,

       Respondents.

_____/

### ORDER REQUIRING SUPPLEMENTAL RESPONSE

**THIS CAUSE** is before the Court on Petitioner, Jean Gueto Delice's ("Petitioner"),

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"),

filed on March 6, 2026. Respondents filed a Response on April 23, 2026. [ECF No. 12].

The record reflects that on March 18, 2026, an Immigration Judge entered an order of

removal as to Petitioner. [ECF No. 10-1 at 3]. Respondents indicate in the Response that

Petitioner "reserved his right to appeal the decision to the Board of Immigration Appeals, and

the appeal is due by April 17, 2026." *Id*. However, the present record does not indicate

whether Petitioner (who is proceeding *pro se*) ultimately filed an appeal to the Board of

Immigration Appeals, nor does the record otherwise establish whether the removal order has

become administratively final.

Under the Immigration and Nationality Act, an order of removal does not become

administratively final until either "a determination by the Board of Immigration Appeals

affirming such order" or "the expiration of the period in which the alien is permitted to seek

review of such order." 8 U.S.C. § 1101(a)(47)(B). Accordingly, where an appeal to the BIA remains pending, the removal order is not administratively final. *See id.*

Administrative finality is material to the Court's analysis because the "removal period" under 8 U.S.C. § 1231 does not begin until "the date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). Until that point, detention remains governed by the pre-removal detention framework rather than the post-removal detention framework addressed in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See id.*

Although more than thirty days have elapsed since the Immigration Judge entered the removal order on March 18, 2026, this Court is unable to determine based on the record before it whether Petitioner filed a timely appeal to the BIA.

Accordingly, it is hereby

**ORDERED** that *on or before May 8, 2026,* Respondents shall file a notice advising the Court: (1) whether Petitioner filed an appeal of the Immigration Judge's March 18, 2026 removal order to the Board of Immigration Appeals; and, if so, (2) the current status of that appeal. Petitioner may file a reply, within seven (7) days of Respondents' filing

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 30th day of April, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   **Jean Gueto Delice, pro se**
A# 244153117
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

Counsel of Record