**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  26-21498-CIV-DAMIAN**

**JEAN GUETO DELICE**,

      Petitioner,

v.

**SECRETARY OF HOMELAND**
**SECURITY**, *et al.*,

      Respondents.

_____/

### ORDER ON PETITION FOR WRIT OF *HABEAS CORPUS*

**THIS CAUSE** is before the Court on Petitioner, Jean Gueto Delice's ("Petitioner"),

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"),

filed on March 6, 2026. On March 31, 2026, this Court entered an Order to Show Cause [ECF

No. 9]. On April 3, 2026, Respondents filed a Response in Opposition to the Petition [ECF

No. 10 ("Response")]. Petitioner has not filed a formal reply but on April 13, 2026, Petitioner

filed a letter and supporting exhibits [ECF No. 11 ("Letter")].

THE COURT has reviewed the Petition, the Response, the Letter, the relevant legal

authorities, and the pertinent portions of the record and is otherwise fully advised.

### I.      BACKGROUND

Petitioner Jean Gueto Delice ("Petitioner") filed the instant Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his continued immigration

detention. ECF No. 1. Petitioner seeks release from custody or, alternatively, an

individualized bond hearing before an immigration judge. *Id.* at 7–8.

According to Respondents, Petitioner is a native and citizen of Haiti who applied for admission to the United States at the Paso Del Norte Port of Entry in El Paso, Texas, on August 23, 2023. ECF No. 10 at 2. Respondents assert that Petitioner was thereafter paroled into the United States pending immigration proceedings. *Id.* Respondents further assert that, on the same date, the Department of Homeland Security issued Petitioner a Notice to Appear charging him as an arriving alien inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) based on an alleged lack of valid entry documents at the time of admission. *Id.*

Petitioner asserts that he left Haiti due to violence, instability, and threats to his safety. ECF No. 11 at 9. In support of those assertions, Petitioner submitted records that he contends document violent incidents occurring in Haiti in 2015. ECF No. 11 at 10, 19–20, 25–27. Those records include a medical certificate stating that Petitioner was evaluated after sustaining injuries to his head and neck following an alleged physical assault involving stones thrown by unidentified individuals. *Id.* at 19–20. Petitioner also submitted a translated report from a Justice of the Peace in Port-de-Paix reflecting allegations that Petitioner suffered a head injury during a crowd disturbance in which projectiles were thrown and other individuals were reportedly injured or killed. *Id.* at 25–27.

Respondents indicate that Petitioner was arrested on July 3, 2024, for domestic violence battery in violation of Florida Statute § 784.03. ECF No. 10 at 2–3. Respondents further point out that the State later dismissed that charge by nolle prosequi on July 24, 2025. *Id.* at 3. Petitioner separately asserts in the Petition that he has "no convictions no charges." ECF No. 1 at 7.

According to Respondents, Immigration and Customs Enforcement encountered Petitioner at the Orange County Main Facility Jail in Orlando, Florida on or about June 9,

2025, after Petitioner had been arrested on a failure-to-appear matter related to the previously dismissed domestic violence battery case. ECF No. 10-1 at 2–3. Respondents assert that ICE subsequently transferred Petitioner into immigration custody on June 16, 2025. *Id*. at 3. The detention history submitted by Respondents reflects that Petitioner has remained continuously detained in ICE custody since that date. ECF No. 10-7 at 1.

In the Petition, Petitioner argues that his continued detention violates the Due Process Clause because, according to Petitioner, he does not present a danger to the community or a risk of flight. ECF No. 1 at 6–7. Petitioner further argues that his detention has become prolonged and that he has been denied meaningful access to bond review. ECF No. 1 at 2, 7–8.

Respondents explain that, on March 18, 2026, an Immigration Judge sustained the charges in the Notice to Appear, denied relief from removal, and ordered Petitioner removed to Haiti. ECF No. 10-1 at 3. Respondents further represent that Petitioner reserved his right to appeal that decision to the Board of Immigration Appeals. *Id*. According to Respondents, Petitioner later requested a custody redetermination hearing, but the Immigration Judge denied that request on April 1, 2026, concluding that the immigration court lacked jurisdiction because Petitioner was classified as an arriving alien. *Id*. Respondents maintain that Petitioner remains detained pending the completion of his removal proceedings. *Id*.

In response to the Court's Order Requiring Supplemental Response, Respondents advise that Petitioner filed an appeal of the removal order with the Board of Immigration Appeals on April 16, 2026.[1] [ECF No. 13] Respondents further represent that, because the

---

[1] In this case, Respondents represent that an Immigration Judge entered an order of removal on March 18, 2026, and further represent that Petitioner has appealed that order to the Board of Immigration Appeals.

appeal has not yet been resolved, the removal order is not administratively final and Petitioner's detention therefore continues pursuant to 8 U.S.C. § 1225(b)(2), rather than under the post-removal-order detention framework set forth in 8 U.S.C. § 1231(a).[2] *Id.*, *see also,* 8 U.S.C. § 1101(a)(47)(B) (providing that an order of removal becomes final upon affirmance by the BIA or upon expiration of the period for seeking BIA review).

## II.   LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. See 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law.

---

[2]      Under the Immigration and Nationality Act, an order of removal does not become administratively final until "a determination by the Board of Immigration Appeals affirming such order" or "the expiration of the period in which the alien is permitted to seek review of such order." 8 U.S.C. § 1101(a)(47)(B). Accordingly, where, as here, an appeal to the BIA is pending, the removal order is not yet final.

Because the removal order is not administratively final, the "removal period" under 8 U.S.C. § 1231 has not yet begun. *See* 8 U.S.C. § 1231(a)(1)(B)(i) (providing that the removal period begins on "the date the order of removal becomes administratively final"). Petitioner's detention therefore remains governed by the pre-removal detention framework, and his challenge to the statutory basis for that detention remains ripe for review. In accordance with the above, Respondents have not raised the status of the appeal, or indeed the existence of the removal order.

[2] *See, e.g.*, *Espinal Encarnacion v. ICE Field Office Director, et al.*, No. 25-61898-CIV-DAMIAN, ECF No. 29 (S.D. Fla. Dec. 23, 2025); *Martinez Gomez v. Diaz, et al.*, No. 25-62236-CIV-DAMIAN, ECF No. 21 (S.D. Fla. Jan. 8, 2026); *Irure-Rodriguez v. Lyons, et al.*, No. 25-62585-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Jan. 20, 2026); *Sultany v. Ripa, et al.*, No. 25-62586-CIV-DAMIAN, ECF No. 12 (S.D. Fla. Jan. 20, 2026); *Gonzalez Ramon v. Lyons, et al.*, No. 26-60064-CIV-DAMIAN, ECF No. 8 (S.D. Fla. Feb. 6, 2026); *Rorres Arevalo v. Noem, et al.*, No. 26-60155-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Feb. 9, 2026); *Torres-Martinez v. Assistant Dir., et al.*, No. 26-60166-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 11, 2026); *Arcia Alfonso v. GEO Group, Inc., et al.*, No. 26-60286-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 17, 2026).

*See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.   DISCUSSION

At the outset, as noted by Respondents, this Court has previously addressed the issues raised in the Petition in this case in numerous other cases,[3] and as previously indicated, the undersigned agrees with the analysis set forth in *Puga v. Assistant Field Office Director, Krome North Service Processing Center*, in which Chief Judge Cecilia Altonaga determined that "the statutory text, context, and scheme of Section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so." No. 25-24535-CIV, 2025 WL 2938369, at *5 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.).

More recently, the Eleventh Circuit held that noncitizens who entered the United States without inspection but were later apprehended in the interior of the country are not categorically subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, slip op. at 3–5, 20–21 (11th Cir. May 6, 2026). In concluding that such individuals are generally detained pursuant to 8 U.S.C. § 1226(a), the court explained that § 1225(b)(2)(A) applies only to noncitizens who are "seeking admission," meaning those actively pursuing lawful entry after inspection and authorization by an immigration officer. *Id*. The court reasoned that mere physical presence in the United

---

[3] *See, e.g.*, *Espinal Encarnacion v. ICE Field Office Director, et al.*, No. 25-61898-CIV-DAMIAN, ECF No. 29 (S.D. Fla. Dec. 23, 2025); *Martinez Gomez v. Diaz, et al.*, No. 25-62236-CIV-DAMIAN, ECF No. 21 (S.D. Fla. Jan. 8, 2026); *Irure-Rodriguez v. Lyons, et al.*, No. 25-62585-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Jan. 20, 2026); *Sultany v. Ripa, et al.*, No. 25-62586-CIV-DAMIAN, ECF No. 12 (S.D. Fla. Jan. 20, 2026); *Gonzalez Ramon v. Lyons, et al.*, No. 26-60064-CIV-DAMIAN, ECF No. 8 (S.D. Fla. Feb. 6, 2026); *Rorres Arevalo v. Noem, et al.*, No. 26-60155-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Feb. 9, 2026); *Torres-Martinez v. Assistant Dir., et al.*, No. 26-60166-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 11, 2026); *Arcia Alfonso v. GEO Group, Inc., et al.*, No. 26-60286-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 17, 2026).

States without prior admission does not itself render a noncitizen "seeking admission" within the meaning of the statute. *Id.* Accordingly, the court affirmed the grant of habeas relief and held that in that case the petitioners were entitled to individualized bond hearings under § 1226(a). *Id.* Thus, in light of the fact that the Petitioner is similarly situated with the petitioners in Hernandez Alvarez, this Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b). Therefore, this Court finds that Petitioner is entitled to an individualized bond hearing as a detainee under Section 1226(a).

This Court has also previously addressed Respondents' argument regarding the failure to exhaust administrative remedies under circumstances like those presented here. The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but prudential. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023). Generally, "exhaustion is not required where no genuine opportunity for adequate relief exists. . . or an administrative appeal would be futile[.]" *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (alterations added; citations omitted); *see also United States v. Barbieri*, No. 18-cr-20060, 2021 WL 2646604, at *2 (S.D. Fla. June 28, 2021) (Scola, J.) ("The Court recognizes . . . that administrative exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief." (alteration added; citation omitted)).

The BIA issued *Matter of Yajure Hurtado* as a published decision, and such decisions "serve as precedents in all proceedings involving the same issue or issues." 8 C.F.R. § 1003.1(g)(2); *see id.* § 1003.1(d)(1). Thus, considering *Matter of Yajure Hurtado*, it is obvious that an alien in Petitioner's situation, who has resided in the United States for years prior to his recent detention, but has not been admitted or paroled, will be subject to mandatory

detention without bond under Section 1225(b)(2) upon review by the BIA. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. at 221. Many other courts, including those in this District, have found that any exhaustion requirements are excused for futility because the result of Petitioner's bond appeal to the BIA is a foregone conclusion under *Matter of Yajure Hurtado*. *See, e.g.*, *Puga v. Assistant Field Office Dir.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.); *Ardon-Quiroz v. Assistant Field Dir.*, No. 25-cv-25290, 2025 WL 3451645, at *4-5 (S.D. Fla. Dec. 1, 2025) (Becerra, J.); *Inlago Tocagon v. Moniz*, No. 25-cv-12453, 2025 WL 2778023, at *2 (D. Mass. Sept. 29, 2025); *Vazquez v. Feeley*, No. 25-cv-01542, 2025 WL 2676082, at *9–10 (D. Nev. Sept. 17, 2025). This Court concurs with the majority of district courts that have addressed the issue that administrative exhaustion would have been futile in these circumstances and that a failure to exhaust does not strip this Court of jurisdiction over the Petition.

## IV.    CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **GRANTED** to the extent that Petitioner requests this Court to direct the Immigration Court to give him a bond hearing. It is further

**ORDERED** that Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **May 29, 2026**. It is further

**ORDERED** that on or before **June 5, 2026**, the Parties shall file a Joint Status Report informing this Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition. Counsel for the

Petitioner shall confer with counsel for the Respondents prior to filing the Status Report and must include a certification therein that the Respondents do not object to the representations made regarding the status of this case. It is further

The Clerk of Court is **DIRECTED** to **CLOSE** this case for *administrative and statistical purposes only* pending compliance with the instant Order and until further Order of this Court.

This Court retains jurisdiction to address matters that may arise with respect to the Petition, and either party may file a motion to reopen the case should additional relief be sought relating to the Petition or this Order.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 22nd day of May, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

8